UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

DAMON SEAN ALLEN,

          Plaintiff,                Case No. 2:16-cv-245

v.                                              Honorable Paul L. Maloney

JAMES ALEXSANDER, et al.,

          Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Alexsander, Govern, Horton, Huss, Laiten, Neimisto, Tasson, Paville, and Woods. The Court will serve the complaint against Defendant Napel.

**Discussion**

I.  Factual allegations

Plaintiff Damon Sean Allen, a state prisoner currently confined to the Kinross Correctional Facility (KCF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Deputy Warden James Alexsander, Assistant Resident Unit Supervisor Unknown Govern, Deputy Warden Connie Horton, Deputy Warden Erica Huss, Assistant Resident Unit Supervisor Mike Laiten, Warden Robert Napel, Inspector Ken Neimisto, Inspector Doug Tasson, Recreation Director Joel Paville, and Warden Jeffrey Woods.

In Plaintiff's complaint, he alleges that on January 25, 2016, he fell approximately 15 to 20 feet from a peg climbing wall inside the gym during a work out class. Plaintiff required surgery at War Memorial Hospital to repair his left leg. On January 30, 2016, Plaintiff was taken to the infirmary at the Marquette Branch Prison (MBP). Plaintiff sent a letter to MDOC Director Heidi Washington complaining about the conditions that led to his accident.

On February 3, 2016, Plaintiff was informed that he was being placed on a 90 day phone restriction. Plaintiff requested a formal hearing and refused to sign a waiver. After 14 business days, Plaintiff sent a kite to all the Defendants involved with the illegal phone restriction, requesting that his phone be reactivated because the time for holding a hearing had passed. Plaintiff's request was ignored. Plaintiff sent a second kite to all Defendants, asserting that his rights were being violated. Nurse Brenda James told Plaintiff that Defendant Napel was angry because staff had overheard Plaintiff and his mother talking about filing a lawsuit and had instituted the phone restriction in retaliation. During the phone restriction, Plaintiff's mother sent him a letter informing him that his nephew had died. Plaintiff filed a grievance regarding the phone restriction,

asserting that he suffered emotional distress because he was unable to communicate with his family around the time of his nephew's death. Plaintiff's phone was not reactivated until the 90 day period expired.

On June 21, 2016, Plaintiff had the "fixator" surgically removed and the surgeon told Plaintiff that he would have to deal with arthritis in that area for the rest of his life. On August 24, 2016, Plaintiff sent a request for a declaratory ruling to the MDOC Director's Office regarding the lack of safety equipment in place when Plaintiff fell from the peg climbing wall. On September 6, 2016, Plaintiff was diagnosed with post traumatic stress disorder by Dr. Debra A. Leblanc, LMSW.

Plaintiff states that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments. Plaintiff seeks damages.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than

a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants violated his Eighth Amendment rights by failing to provide the proper safety equipment for the peg climbing wall. The Cruel and Unusual Punishments Clause of the Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of crime. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Trop v. Dulles*, 356 U.S. 86 (1958). The clause therefore prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346.

An Eighth Amendment claim comprises objective and subjective components: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 1977 (1994); *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997). A prison official cannot be found liable unless the official has acted with deliberate indifference; that is, the official must know of and disregard an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837; *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (deliberate indifference standard applies to all claims challenging conditions of confinement to determine whether defendants acted wantonly). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer*, 511 U.S. at 837. Thus, the mental state required for an Eighth Amendment claim is not actual intent, but something close to common-law recklessness. *Hubbert v. Brown*, Nos. 95-1983, 95-1988, 96-1078, 1997 WL 242084, at *5 (6th Cir. May 18, 1997) (relying on *Farmer*, 511 U.S. at 836 n.4.)

The reason for focusing on a defendant's mental attitude is to isolate those defendants who inflict punishment. *Farmer*, 511 U.S. at 839. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Id.* at 835; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than the ordinary lack of due care for the prisoner's interests or safety"). As the Supreme Court explained:

> The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no

> cause for commendation, cannot under our cases be condemned as the
> infliction of punishment.

*Farmer*, 511 U.S. at 837-38 (citations omitted). Thus, accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 839.

Plaintiff's action concerns the lack of safety equipment in the gym, as it relates to the peg climbing wall. The Eighth Circuit has held that the intentional placement of a prisoner in dangerous surroundings can violate the Eighth Amendment, though mere negligence is not sufficient. *Bibbs v. Armontrout*, 943 F.2d 26, 27 (8th Cir. 1991); *see also Lee v. Sikes*, 870 F. Supp. 1096, 1099 (S.D. Ga. 1994) (applying Eighth Amendment to workplace safety); *Arnold v. South Carolina Dep't of Corr.*, 843 F. Supp. 110, 113 (D.S.C. 1994) (indicating that it is questionable whether the Eighth Amendment applies to work-related prison injuries). Plaintiff's allegations can be analogized to cases regarding workplace safety. To show deliberate indifference in the context of workplace safety, prisoners must show that their captors have "knowingly compel[led them] to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful." *Ray v. Mabry*, 556 F.2d 882, 882 (8th Cir. 1977).

The types of factual circumstances which are insufficient to show deliberate indifference are illustrated by the Eighth Circuit's decision in *Warren v. Missouri*, 995 F.2d 130 (8th Cir. 1993) and by the District of South Carolina's decision in *Arnold v. South Carolina Dep't of Corr.*, 843 F. Supp. 110, 111 (D. S.C. 1994). In *Warren*, an inmate was injured when a board

"kicked back" from a table saw that he was operating at the furniture factory at the state penitentiary. 995 F.2d at 130. The inmate alleged that the defendants were deliberately indifferent in failing to equip the saw with an anti-kickback feature despite knowledge of prior injuries. The district court granted defendants' motion for summary judgment, and the Eighth Circuit affirmed. *Id.* at 130-31. Defendants introduced evidence that there had been twenty-nine table saw injuries in the five years preceding the inmate's injury, as well as efforts to correct the working condition of the saws when the injuries occurred; the plaintiff introduced evidence that there had been twenty-one prior injuries. *Id.* at 131. Based on this evidence, the Eighth Circuit found that there was no genuine issue of deliberate indifference to a serious issue of workplace safety. *Id.* at 131.

In *Arnold*, an inmate working in the prison kitchen was burned by a twenty-five-gallon pot that tipped downward. 843 F. Supp. at 111. The inmate alleged that the kitchen supervisor had been informed that the pot was faulty, and the supervisor had replied that they did not have time to fix it. *Id.* at 113. The district court held that there was no evidence that defendants possessed the requisite culpability by failing to repair the pot, and, at best, the inmate had offered evidence which showed only negligence. *Id.*; *see also Stephens v. Johnson*, 83 F.3d 198, 201 (8th Cir. 1996) (even assuming that the administrator was aware of safety problems at the warehouse, such a showing falls short of creating a genuine issue of deliberate indifference to workplace safety).

Plaintiff's complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1987). A dismissal for failure to state a claim may not be countenanced upon a judge's disbelief of the factual allegations, and the Court regards Plaintiff's factual allegations as true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Even so, it is improper for the Court to assume that Plaintiff could prove facts not alleged in his complaint or to assume that Defendants have violated laws in ways not alleged. *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir.), *cert. denied*, 519 U.S. 1007 (1996). Moreover, "when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid*, 859 F.2d at 437 (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976). Plaintiff's factual allegations do not raise an inference that Defendants were deliberately indifferent to his safety.

Plaintiff's broad assertion that Defendants were "deliberately indifferent" does not support his conclusion; merely stating the "magic words" is not enough. *See Arnold v. South Carolina Dep't of Corr.*, 843 F. Supp. 110, 113 (D.S.C. 1994) (despite use of phrase "deliberate indifference" in his pleadings, inmate failed to show that defendants possessed the requisite mental state). Rather, Plaintiff must support his conclusion with factual allegations.

The factual allegations in Plaintiff's complaint which pertain to the element of deliberate indifference are scant. Plaintiff alleges that he was injured when he fell off a peg climbing wall and hit an unpadded floor. Plaintiff alleges that prison officials were aware of the lack of safety equipment and should have taken measures to prevent an accident such as that suffered by Plaintiff. However, Plaintiff fails to allege facts showing that Defendants knowingly compelled Plaintiff to engage in unsafe behavior. Unlike the workplace safety cases, Plaintiff was not compelled to engage in the allegedly dangerous behavior. Rather, Plaintiff willingly chose to climb the wall. Plaintiff was able to see that there was no padding beneath the wall before he undertook the climb. As noted above, the only asserted misconduct on the part of Defendants was the failure to provide padding beneath the climbing wall. There is nothing in Plaintiff's allegations which supports an inference

that Defendants were deliberately indifferent. The factual allegations in his complaint, at most, support only an inference of negligence. As stated, mere negligence is insufficient to state a claim under the Eighth Amendment. Therefore, the Court will dismiss Plaintiff's Eighth Amendment claims.

To the extent that Plaintiff is claiming that the phone restriction violated his rights under the Eighth Amendment, such a claim lacks merit. The Eighth Amendment prohibits punishments that are not only physically barbaric, but also those which are incompatible with "the evolving standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-103(1976). To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Restrictions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id.* Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

Although it is clear that Plaintiff was denied phone privileges for 90 days, he does not allege or show that he was denied basic human needs and requirements. The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges cannot establish an Eighth Amendment violation. *See Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). Moreover, Plaintiff cannot bring an Eighth Amendment claim for emotional or mental damages because he does not allege a physical injury. *See* 42 U. S.C. §1997e(e); *see also Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Harden-Bey*, 524 F.3d at 795. As a result, Plaintiff fails to state an Eighth Amendment claim against Defendants.

Nor does a 90 day phone restriction violate Plaintiff's right to procedural due process. *See Johnson v. Vroman*, No. 1:06-cv-145, 2006 WL 1050497, at *2 (W.D. Mich. Apr. 19, 2006) (a 6 month restriction on telephone privileges does not amount to an atypical or significant hardship in relation to the ordinary incidents of prison life that would trigger the protection of the Due Process Clause) (citing *Boriboune v. Litscher,* 91 F. App'x 498, 500 (7th Cir.2003) (short-term loss of telephone privileges and disciplinary segregation implicated no liberty interest and triggered no due process protection); *Blum v. Fed. Bureau of Prisons,* No. 98-1055, 1999 WL 638232, at *3 (10th Cir. Aug. 23, 1999) (protected liberty interest not triggered by restrictions on store privileges, telephone calls, and access to a radio during disciplinary segregation); *Larue v. Blodgett,* No. 95-35936, 1996 WL 228497, at *1 (9th Cir. May 6, 1996) (temporary loss of telephone privileges, possession of a radio and visitation did not meet *Sandin* requirements); *Schmitt v. Mulvey,* No. 04-10717, 2006 WL 516755, at *3 (D.Mass. Mar. 1, 2006) (loss of television, radio and telephone privileges for a couple of months does not amount to an atypical and significant hardship); *Reyes v. Nash,* No. 05-2136, 2006 WL 361387, at *6 (D.N.J. Feb. 15, 2006) (loss of telephone privileges and disciplinary segregation are not atypical and significant hardships); *Castleberry v. Acker,* No. 05-cv-74271, 2006 WL 250019, at *2 (E.D.Mich. Jan. 31, 2006) (loss of telephone privileges for twenty-four months is not an atypical and significant hardship); *Dumas v. Garnett,* No. 05-210, 2006 WL 149002, at *4 (S.D.Ill. Jan. 19, 2006) (inmates have no liberty interest in telephone privileges); *Rogers v. Justice,* No. 5:05-cv-65, 2005 WL 2860989, at * 1 (E.D.Tex. Oct. 31, 2005) (loss of commissary, telephone and visiting privileges does not trigger due process protection); *Harmon v. Buss,* No. 3:05-cv-0060, 2005 WL 2045776, at *1 (N.D.Ind. Aug. 24, 2005) (loss of telephone privileges does not implicate a liberty interest)). Therefore, Plaintiff's due process claims are properly dismissed.

Finally, Plaintiff claims that Defendant Napel instituted the 90 day phone restriction in retaliation for Plaintiff's conduct in discussing the possibility of filing a lawsuit regarding the conditions leading up to his accident. The Court concludes that this claim is not clearly frivolous and may not be dismissed on initial review.

**Plaintiff's pending motions**

Plaintiff has filed a motion to amend his complaint (ECF No. 8), but has failed to file a proposed amended complaint. Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within 21 days after service, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading, or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Therefore, Plaintiff could have filed an amended complaint without first seeking leave of court. However, because no amended complaint has been filed, Plaintiff's motion is denied.

Plaintiff has also filed a motion for summary judgment (ECF No. 6), asserting that the facts in this case are undisputed. However, no Defendant has been served or had the opportunity to dispute the facts as alleged by Plaintiff. Therefore, Plaintiff's motion for summary judgment is properly denied.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Alexsander, Govern, Horton, Huss, Laiten, Neimisto, Tasson, Paville, and Woods will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Napel.

An Order consistent with this Opinion will be entered.


Dated: July 11, 2017            /s/ Paul L. Maloney
                                Paul L. Maloney
                                United States District Judge