UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAMON SEAN ALLEN #570060,

        Plaintiff,

v.                                   Case No.   2:16-cv-00245
                                        HON.   PAUL L. MALONEY

JAMES ALEXSANDER, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by state prisoner Damon Sean Allen pursuant to 42 U.S.C. § 1983.   Plaintiff's remaining retaliation claim is against Defendant Marquette Branch Prison (MBP) Warden Robert Napel.   Plaintiff alleges that while he was confined at MBP he was placed on a telephone restriction after Defendant learned of Plaintiff's intention to file a lawsuit arising from his January 25, 2016, fall from a peg climbing wall that caused him to break his tibia and injure his knee.   On February 3, 2016, Plaintiff was placed on a 90-day telephone restriction. Plaintiff asserts that the telephone restriction was illegal.   Plaintiff states while he was on the restriction, he learned that his nephew had died.   The fact that Plaintiff was unable to telephone his family members at this time caused him additional emotional distress. Defendant Napel filed a motion for summary judgment (ECF No. 45).

        Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).   If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to

interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.    *Id.* at 324-25.    The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial."    *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).    The evidence must be viewed in the light most favorable to the nonmoving party.    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).    Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true.    *Muhammad v. Close***,** 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).    However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.    *Anderson*, 477 U.S. at 251-52.    Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff."    *Id.* at 252.    *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004). Moreover, *Muhammad* does not stand for the proposition that temporal proximity alone is sufficient to create an issue of fact as to retaliatory motive.

> In *Muhammad* the Sixth Circuit did not resolve the issue, but merely observed that "temporal proximity alone **may be** 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Id.* at 418 (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir.2004) (emphasis added). Even if temporal proximity may in some cases create an issue of fact as to retaliatory motive, it would only be sufficient if the evidence was "significant enough." Plaintiff's conclusory and ambiguous evidence is not "significant enough" to create an issue of fact as to retaliatory motive.

*Brandon v. Bergh*, 2010 WL 188731, slip op. at 1 (W.D. Mich., Jan. 16, 2010).

Plaintiff asserts that Defendant imposed a the 90-day telephone restriction after hearing that Plaintiff spoke with his mother about filing a lawsuit.   Defendant filed an affidavit which states that Plaintiff received the 90-day telephone restriction after he allowed another prisoner to speak with his mother during his telephone call with his mother.   (ECF No. 46-4, PageID.261-262). Defendant Napel states that he did not overhear the alleged conversation concerning a potential lawsuit that Plaintiff allegedly discussed with his mother.   *Id.*

On February 4, 2016, correctional officer Laitinen issued a Notice of Intent (NOI) regarding his telephone call to his mother for violating MDOC phone policy 05.03.130 which restricts prisoners from sharing their phone privileges.   (ECF No. 46-1, PageID.248).   Rebecca Horrocks signed an affidavit stating that she delivered the NOI to Plaintiff.   (ECF No. 46-6,

PageID.267).    Plaintiff checked the box waiving a formal hearing stating "I understand and agree with the proposed disposition," but he refused to sign the NOI. (PageID.267-269).    Plaintiff alleges that nurse Brenda James told him that he received the restriction because he had spoke to his mother about filing the lawsuit. Brenda James filed an affidavit stating that she never made that statement to Plaintiff and never informed Plaintiff that he was being retaliated against. (ECF No. 46-5, PageID.264-265).

In the opinion of the undersigned, Plaintiff's retaliation claim against Defendant Napel is unsupported by fact.    Defendant Napel has set forth specific evidence establishing that Plaintiff received the 90-day telephone restriction due to violating a prison rule and not due to retaliatory animus.    Plaintiff has failed to rebut Defendant's motion for summary judgment. "Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"    *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir.2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).    Determining whether the government officials in this case are entitled to qualified immunity generally requires two inquiries: "First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred?    Second, was the right clearly established at the time of the violation?" *Id.* at 538-39 (citing *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir.2006)); *cf. Pearson v. Callahan*, 555 U.S. 223 (2009) (holding that the two-part test is no longer considered mandatory; thereby freeing district courts from rigidly, and potentially wastefully, applying the two-part test in cases that could more efficiently be resolved by a modified application of that framework).    In the

opinion of the undersigned, Plaintiff's failure to establish that Defendant Napel violated any clearly established law, entitles Defendant Napel to qualified immunity from liability.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's motion for summary judgment.   Accordingly, it is recommended that Defendant's Motion for Summary Judgment (ECF No. 45) be granted and that this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).   *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).   For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal.   Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).   If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).   Failure to file timely objections constitutes a waiver of any further right to appeal.   *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   January ___, 2019

_____
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE