**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 19-1315

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DAMON SEAN ALLEN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| JAMES ALEXSANDER, Deputy Warden; | ) | THE WESTERN DISTRICT OF |
| UNKNOWN GOVERN, A.R.U.S.; CONNIE | ) | MICHIGAN |
| HORTON, Warden; ERICA HUSS, Deputy | ) | |
| Warden; MIKE LAITEN, A.R.U.S.; KEN | ) | |
| NEIMSTO, Inspector; DOUG TASSON, Inspector; | ) | |
| JOEL PAVILLE, Recreation Director; ROBERT | ) | |
| NAPEL, Warden; JEFFREY WOODS, Warden, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

FILED

Sep 12, 2019

DEBORAH S. HUNT, Clerk

O R D E R

Before:  NORRIS, SILER, and SUTTON, Circuit Judges.

Damon Sean Allen, a pro se Michigan prisoner, appeals the judgment of the district court in favor of defendants in Allen's 42 U.S.C. § 1983 civil rights action.  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

In 2016, Allen filed a complaint against Deputy Warden James Alexsander, Assistant Resident Unit Supervisor Govern, Deputy Warden Connie Horton, Deputy Warden Erica Huss, Assistant Resident Unit Supervisor Mike Laiten, Warden Robert Napel, Inspector Ken Neimisto, Inspector Doug Tasson, Recreation Director Joel Paville, and Warden Jeffrey Woods.  Allen alleged that, on January 25, 2016, while in the gym during his recreation time, he fell

approximately fifteen to twenty feet from a climbing wall.  The fall injured his left leg and required surgery.  Doctors also informed Allen that he would have to deal with arthritis in the repaired area for the rest of his life.

On February 3, 2016, Allen was informed that he was being placed on a 90-day phone restriction.  A nurse allegedly told him that Warden Napel was angry because staff had heard Allen and his mother talking about filing a lawsuit over his leg injury, and Napel had instituted the phone restriction in retaliation.  Allen claimed that the defendants violated his rights:  (1) under the First Amendment by initiating a phone restriction in retaliation for his discussing the possibility of filing a lawsuit about his fall; and (2) under the Eighth and Fourteenth Amendments by failing to provide proper safety equipment for the climbing wall and by restricting his phone access without a hearing.  He requested damages.

The district court screened the complaint and determined that it failed to state a claim against defendants Alexsander, Govern, Horton, Huss, Laiten, Neimisto, Tasson, Paville, and Woods.  The court therefore dismissed those defendants from the action.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The district court determined that Allen's claims that Napel retaliated against him were not clearly frivolous, however, and ordered Napel to be served with the complaint.

Napel subsequently filed a motion for summary judgment asserting that Allen had failed to establish a violation of his First Amendment rights.  Napel argued that, even if Allen's allegations were true, a conversation about the possibility of filing a lawsuit was not protected conduct.  In any event, Napel argued that Allen was placed on phone restriction because he violated prison policy by sharing his phone privileges with his roommate.  Napel provided an affidavit from the nurse who allegedly told Allen that his privileges were being restricted because of the overheard conversation with his mother, in which the nurse denied ever telling Allen such information.

Five months passed and Allen did not file a response to Napel's pleading.  A magistrate judge reviewed the record and determined that Allen's retaliation claim was unsupported by fact. The magistrate judge noted that Napel set forth evidence that the loss of phone privileges was the

result of the violation of a prison rule and not retaliation and that Allen had failed to rebut Napel's assertion. Because Allen failed to demonstrate that Napel violated any clearly established law, the magistrate judge also determined that Napel was entitled to qualified immunity. Accordingly, the magistrate judge recommended granting Napel's motion for summary judgment. Absent objections to the magistrate judge's report and recommendation, the district court adopted the report, granted Napel's motion for summary judgment, and entered judgment in favor of Napel.

On appeal, Allen challenges only the dismissal of his Eighth Amendment claim against Paville and his claims against Napel. He argues that Paville, as Recreation Director, failed to protect him by failing to provide proper safety equipment and/or by failing to "protect[] [Allen] from his own ignorance" by allowing Allen to climb the wall in the first place. Allen argues that Napel violated his First and Fourteenth amendment rights by failing to provide a formal hearing before ordering the loss of his phone privileges for 90 days. The defendants have elected not to file a brief, relying instead on the decision of the district court.

We review de novo the district court's dismissal of Paville for Allen's failure to state a claim against him, accepting all material allegations as true and construing them in the light most favorable to Allen. *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 630 (6th Cir. 2013). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a pro se litigant is entitled to liberal construction of his pleadings and filings, our standard of review requires more than the bare assertion of legal conclusions, and the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). To survive dismissal, a plaintiff "must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008).

The Eighth Amendment prohibits any punishment that violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429

U.S. 97, 102-03 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). When an inmate asserts a claim based on the failure to prevent harm, as Allen asserts in this case, liability arises only if two conditions are met: (1) the inmate is incarcerated under conditions that create a substantial risk of serious harm to his health or safety; and (2) the defendant prison officials possess a culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Negligent exposure to a risk is not sufficient to create an Eighth Amendment violation. *Id*. at 835-36.

Allen did not state a viable Eighth Amendment claim against Paville. Allen was not required to use the climbing wall, and he was able to see that there was no padding underneath the wall before he climbed it. Further, although Allen claimed that Paville failed to provide proper safety equipment, he did not make any allegations that Paville had a culpable state of mind as required for an Eighth Amendment claim. *See Solazzo v. Bynes*, 653 F. App'x 611, 614 (10th Cir. 2016) (finding no Eighth Amendment violation in connection with allegation that recreation yard was unsafe due to a piece of low-hanging razor wire). And any negligence on the part of Paville is insufficient to state a claim of deliberate indifference. *See Farmer*, 511 U.S. at 835.

The district court also did not err in concluding that Allen failed to state a claim that the loss of his phone privileges violated the Eighth Amendment. Pursuant to the law in this circuit, absent any showing that basic human needs were not met, a denial of privileges does not constitute an Eighth Amendment violation. *See Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008).

Nor did the district court err by granting summary judgment in favor of Napel on Allen's First Amendment retaliation claim. Importantly, Allen did not object to the magistrate judge's recommendation to grant summary judgment on this claim. In general, a party waives its right to appellate review when it fails to object to the magistrate judge's report and recommendation. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). This is a prudential rule that we will ignore only "where the district court's error is so egregious that failure to permit appellate review would work a miscarriage of justice." *United States v. 1184 Drycreek Rd.*, 174 F.3d 720, 726 (6th Cir. 1999). This is an especially high bar for Allen to clear because he also failed to file a response to Napel's motion for summary judgment. A summary judgment motion "requires the nonmoving party to go beyond the pleadings." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324

No. 19-1315

- 5 -

(1986). To generate a material dispute of fact, the party must cite "particular parts of . . . the record" or show the absence of supporting evidence on the other side. Fed. R. Civ. P. 56(c)(1). Napel alleged that Allen's loss of phone privileges was the result of his violation of a prison rule, and Allen failed to dispute that fact. Accordingly, this court's failure to review the grant of summary judgment in favor of Napel would not result in a miscarriage of justice.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: September 12, 2019

Mr. Damon Sean Allen
Kinross Correctional Facility
4533 W. Industrial Park Drive
Kincheloe, MI 49786

Mr. Brandon William Waddell
Office of the Attorney General
of Michigan
P.O. Box 30217
Lansing, MI 48116

Re: Case No. 19-1315, *Damon Allen v. James Alexsander, et al*
Originating Case No. 2:16-cv-00245

Dear Mr. Allen and Counsel:

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Patricia J. Elder
Senior Case Manager

cc: Mr. Thomas Dorwin

Enclosure

Mandate to issue